Thank you, Your Honor. May it please the Court, Ronald Mann for the appellants. It's obvious the bench is prepared, so I'd like to just go straight to the two state statutes that should govern the disposition of this matter and make points about each of those statutes if I can in the brief time I have. Maybe you could pull the microphone a little closer to you. I'll try to pull it up as far as I could, Your Honor. So be it. The first one is section 1691. Section 1691, in relevant parts, says that when notice of rescission has not otherwise been given, the service of a pleading and an action that seeks relief based on rescission shall be deemed to be such notice or offer or both. If you look at the district court opinion from April 20th, 2015, which is the dispositive opinion, the court held that these various informal things that were sent weren't a notice and therefore dismissed it. Well, that's obviously inconsistent with the statute because there was a notice because a complaint was filed. So that's not a basis. What notice are we referring to now? Well, the district court opinion, if you look at record pages 6 through 8, talks about a variety of informal things that were sent. What are you saying was effective notice? The complaint in this case under section 1691. Anything prior to that? The briefs talk a lot about whether these informal things are or are not. They sure do. And those may or may not be. But whether or not those count as notice or not, we file the complaints. You cannot possibly affirm a dismissal for lack of being a notice. Because under the state statute, the complaint itself is a notice. But it has to be a timely notice, right? That brings me to my second point. So the first point is you can't say it wasn't a notice. Because it says in section 1693, when relief based upon rescission is claimed in an action proceeding, such relief shall not be denied because of delay in giving notice of rescission. What about our... Unless such delay has been substantially prejudicial to the other party. Okay, right. So it can be due to... If it's delayed, it can be, right? You've got to give us the whole standard, not just bits and pieces. But the first point is the opinion that's before the court says you did not give notice, therefore the case is dismissed. That's clearly wrong. To dismiss the case, you have to find that it's been substantially prejudicial within the meaning of section 1693. And that's not what the district court... So that's what this case is really about, whether there's substantial prejudice, right? Yes, your honor. That is exactly right. Didn't your client plead that facts that would lead any reasonable jurist to conclude that there had been prejudice? Absolutely not. But that is the key point. The second point is that I'm trying to make is you have to look at section 1693, and what you have to remember is the case here was ruled on a motion to dismiss because of an affirmative defense interposed by the defendant that they were substantially prejudiced. This isn't a securities class action, where we... But the district court can look at the complaint and the facts that were alleged in the complaint. Right. And the district court looked at the complaint... Counsel, let him ask his question and you can answer. Pardon me, sir. The district court looked at the complaint and it concluded, if you look carefully at pages 15 and 16 of the record, that it was reasonable to infer that the defendant was prejudiced. But if it's reasonable to infer the defendant's prejudice, that's not the right standard on a motion to dismiss where they're interposing an affirmative defense. This is not a securities class action where we have to prove up in the complaint all of the facts necessary to show we win. They have interposed a fact-intensive affirmative defense of substantial prejudice. The complaint has to establish that if we had a complete discovery record, had a trial, that there's no chance that we could lose. Let me just propose the following hypothetical. Let me pose a question before you propose the hypothetical. Are you contending that defendants did not expend millions of dollars? I'm not. But let me suppose — I'm not contending that defendants... Okay. So that fact isn't really in dispute. What is it you are disputing? Well, let's — I'm disputing that that — that that incontrovertibly established substantial prejudice for purposes of Section 1693. Suppose the following hypothetical. Suppose that the general counsel of the defendant is deposed. In his deposition he says something along the lines of, we have these lawsuits all the time. We think they're totally frivolous. If we waited to spend money and make movies until we could get rid of every single lawsuit against us, we would never make any movies. We didn't slow down our production because this lawsuit was there. We didn't speed up our production. The lawsuit was gone. This lawsuit had no effect whatsoever on us because those people are crazy. So let's suppose that's in the record and the district judge found as a fact, based on that, that Walt Disney was not, in its exploitation of this copyright, affected in any way whatsoever by the filing of this lawsuit, the earlier lawsuit, or the settlement of the lawsuit. If that's what the district judge found, well then they wouldn't be prejudiced. So you're saying it would be the burden of Disney, in this case, to have come forward and shown that they would have done something different? They would have stopped production or reduced production or something like that? The state statute says, in its affirmative defense, so the burden of proof is on Disney, they would have to be able to convince a fact finder that the delay, the time between when Matthew found out and the time when Matthew gave notice, so at worst, when Matthew filed the lawsuit, the time between when Matthew found out and when Matthew filed the lawsuit, caused substantial prejudice. And I'm willing to believe that they could prove that. It's possible you could have a trial and they could prove that. But they haven't had a trial and proved that. They haven't even had discovery and proved that. The district judge has read the complaint and said, I think it's reasonable to infer that they were prejudiced. And it might be reasonable to infer that. But you don't grant a motion to dismiss because it's reasonable to infer that the defendant could win at trial. You have trial. And then the district judge writes an opinion. So what if he found out about it in 1950 and then he waited until 2013? Well, if he found out about it in 1950 and went to 2013, I think he might have a problem with the four-year statute of limitations. Put it inside the statute of limitations, though. Just in terms of could the district court at that point grant a motion to dismiss for Disney if it was 63 years? Well, I think the question would be where you would reach the point that you would not think of any set of facts that you could prove in support of the complaints. You might have an Iqbal versus Ashcroft situation where, well, at least in theory, Martians could have come and done this, but we're not willing to say that's a basis for litigation. So in this case here, if the question is, is Disney prejudiced by waiting essentially four years, you don't think a district court as a matter of law can say a four-year delay and finalists did not in some way substantially prejudice Disney? I do not. I think it is perfectly reasonable for the district court to infer that Disney spent a ton of money during any year of this period. The question is whether the district court can infer that the failure to give notice substantially affected what they were doing. I think it's just as reasonable to infer that nothing about the pendency of this complaint, the disposition of this complaint, the pendency of the second complaint, first complaint, settlement, none of this affected what they were doing. The people who make movies make movies. The people who do lawsuits do lawsuits. I think it's perfectly reasonable to expect that upon development of a factual record, you could convince a fact finder and we could introduce expert reports and their own testimony that would show that they didn't change their behavior at all. You'll observe that during the period of the first lawsuit, they were exploiting this, producing movies, video games, T-shirts, coffee cups. The first lawsuit, they didn't stop because of the lawsuit and not produce movies and then start producing movies when it settled. But I don't think the standard is complete prejudice. The standard is substantial prejudice. I mean, the question is what is substantial prejudice? And all I'm trying to emphasize for the court is it's affirmative defense. This is not something we have to prove. It's something they have to show from our complaint alone is not a basis for having an evidentiary record, and I think they haven't done that. Do you want to comment on there's a Ninth Circuit case, Diem Residential Fund? I'm not familiar with that case. It's a 2015 case that talks about 1691 and rescission. It's at 813 F 3rd, 876. You might want to, you probably don't have time now, but you may want to take a look at that case. I'd like to reserve the rest of my time if I could. Very well. Please, the court. My name is Sandy Litvak, and I represent the defendants. Let me just jump in where counsel left off because I think he's misunderstood. He's put aside, and that's fine, the question of when notice was given. He seems to concede it was given with the filing of the complaint in May of 2013. No question that's four years after the alleged discovery of the fraud. Okay. Then the question is, is there substantial prejudice? First of all, I accept the fact that, yes, you look typically to the party who is allegedly prejudiced to show that there was prejudice. But in this case, you didn't have to because the plaintiff told you that there was prejudice. Judge Clousen did not infer prejudice. He inferred that we had. What's prejudice? What has to be shown for prejudice here? That the defendant, in this case Disney, invested substantial sums, went ahead and made a fourth movie, which they did, worked on a fifth movie, which is about to be released, licensed the film, did merchandising, put it on DVD, and did what is really relevant here. They established a movie franchise. This isn't a one-off. I think there's still a piece missing. If you look at our Dan Jack case, we say a defendant may also demonstrate prejudice by showing it took actions or suffered consequences that it would not have had the plaintiff brought to suit promptly. And I think that's the challenge being put by Professor Mann, which is that there has been nothing, there's nothing in the complaint and nothing in the record that demonstrates that Disney wouldn't have done the same thing anyway. Well, with all due respect, Your Honor, I would say to you common sense. Remember. Stop. Common sense. Where is common sense in the record? I mean, we're talking about a motion to dismiss. We are talking about a motion to dismiss, but we're talking about four years and billions of dollars, according to the complaint, which the defendant put in during that time. And remember, Your Honor. Can you say, as a matter of law, that Disney would have drawn to a halt, not proceeded with this very profitable franchise because of what they thought was, if not a nutcase, then a pretty unusual complaint? No. You cannot say that as a matter of law. Well, then doesn't that give us a problem? No. It doesn't give you a problem either. The reason you don't have to say that as a matter of law is because in this case, which is what we're talking about here, you're talking about, unlike most of the other cases you've seen, a settlement, a resolution of the case. So what could Disney have done? It could have brought a declaratory judgment action. That's pretty simple. If you really knew that someone was challenging the release, you bring a declaratory judgment action and get it done. You don't have to show I would have stopped. I would have taken steps. That is what you show. Is there any sign that this Court considered that? I mean, I don't see anything in his order that says this is what Disney would have done. He seemed to stop at the point that Disney spent lots of money. He certainly did not articulate, as you correctly note, the point I am making. But you certainly can. It cries out for it. It's on the face of the complaint. You know, this is unusual in that someone signs a settlement, waits a minimum of four years. I suggest to you if you look at the record, it's seven years from the time he signed it because, remember, he's been claiming fraud from the day he signed this. I'm going to put that aside because Judge Klausner decided not to reach that point, wrongly in my opinion, and this Court can reach it because it's right there. It cries out for you. Just read what this guy was saying. It is equally unusual that substantial prejudice would be a basis for granting a 12b-6 motion. I mean, it's really unusual. Yes, but for 1693. In other words, both 1691 and 1693 are a bit unusual in that they codify what was basically a common law standard. And so they provide a basis for a 12b-6 or 12c motion, which this was. So, yes, in many cases it would be, but not here. I do commend to you, though, and I do want to just move slightly off this, if there are no further questions on it, to the point about the knowledge and the fraud. We moved to dismiss on a variety of grounds. One, the release was totally broad. Judge Klausner agreed. Two, 1691 and 1693, he agreed. But we also said he's barred by the statute of limitations, and he didn't rely on any alleged fraud in the first place. Judge Klausner said, well, I'm not going to get to that because to do that I have to go to his website, and I'm not prepared to say that's central to the complaint. And I respectfully submit Judge Klausner was wrong in that it doesn't have to be central to the complaint. He incorporated it by reference. He said it is, quote, made a part hereof. It's just as though he had written it right there. And if he wrote it right there, and you read it right in the complaint, and you can, because that's what he said, he lays out the alleged fraud, the thing he supposedly discovered in 2009. Starting back in 2006, 2007, 2008, he wrote letters to you name it, the board of directors, Johnny Depp, counsel, bar associations, law firms, claiming that there was this alleged fraud. And finally, when he wrote a letter in June of 2009 saying, ah-ha, I just saw this new book, what did he say? He said this confirms, confirms the fraud that I have been talking about. That may be, there was no fraud, but put that aside. What may be is he found it, he believed it from the beginning because, and this is central to this, and I'm going to wrap up, but this is central to this. He believes, or says he believes, and he may, he may, that he was the guy behind the whole idea of the whole thing for Pirates of the Caribbean. And when he saw the Sorrell book in 2006 that credited Mark Davis and other people, he concluded it was a lie, it was a fraud, and it was a concoction. He said it then, he said it throughout. When he read in 2009 a new book, all it did was confirm to him that he was right way back then. But then he had to sue. If he was right, he should have sued in the interim. It was barred, and by the way, the one thing that is equally clear is he could not have relied on any alleged or claimed fraud. I'm going to end up, Your Honors, with one point. As you know, he has filed at least five lawsuits in three different courts over 12 years against these defendants, despite the fact that we had a release. By the way, a mutual release. We released him, too, at the same time. It was mutual, and he had counsel. He has filed at least five different complaints in three different courts over 12 years. We said it in our brief. I'm going to say it now. Enough is enough. It's time to end this. This court should affirm the lower court's judgment. Thank you, Your Honors. Thank you very much, Counsel. I have very little time. I'd like to make three brief points. First, I think if you read the briefs, you would have the schizophrenic feeling that there's these cases they cite that all say, well, if you spend a lot of money, that's automatically prejudice. There's these cases we cite that say things like, just to read your 2005 decision in Cortis, which is at 419F3989. A claim of laches depends on a close evaluation of all the particular facts in a case, and it is, therefore, seldom susceptible to resolution by summary judgment. At the motion to dismiss phase, the obstacle is even greater because the defendant must rely exclusively upon the factual allegations set forth in the complaint. If you go look at the cases they cite, Danjack, Evergreen, Glenn Miller, Petrella, those are not motion to dismiss cases. Danjack, the judge had a trial. After the judge had a trial, the judge said, I have been convinced by the evidence of the trial that they spent a lot of money and they were prejudiced. In the other three cases, the judges had discovery and had a summary judgment record.  And the defense went everything they wanted. The judge said, I don't think these people, I think these people were prejudiced. No one has, those are not motion to dismiss cases. This is a motion to dismiss. You have a lot of cases. We cite them in our briefs that say motion to dismiss is different. The second thing I would like to say is the case that you mentioned doesn't appear to me to discuss the substantial prejudice under 1693. I wasn't, I'm not familiar with it previously, but it seems to me to suggest that the turn on the question of whether the person has a duty to investigate under section 1691 to find out facts, it would suggest that they knew of this. I think we're all clear that the person knew of it no later than 2009. They filed in 2013. I'd just like to say one thing. I do think that section 1691 and section 1693 are an unusual statute. It's important to keep your eye on the ball. The relevant latches here is not latches under the Copyright Act. It's the latches under the rescission claim under section 1691, which is a state law cause of action that has a four-year statute limitation under section 337, which very oddly has a codified latches doctrine. These federal cases about copyright, we now know there's a federal statute limitation, so it's super hard to use latches. We have the odd thing of a state statute with limitations that codifies latches. If you have any doubt that there's substantial prejudice here, you could always certify this to the California Supreme Court. I have no doubt that the California Supreme Court would say, given the way they've interpreted these statutes, which is supposed to make it super hard for latches to apply, that our complaint does not on its face establish that they were substantially prejudiced. Thank you very much, counsel. This matter is submitted. Thank you for your argument.
judges: Clifton, Owens, Antoon